**DUDLEY & ORR v. JACOBS.** (No. 1524.)*

(Court of Civil Appeals of Texas. El Paso.
Dec. 6, 1923. Rehearing Denied
Jan. 10, 1924.)

Municipal corporations ☞821(19)—Negligence
and cause of injury to bicyclist from rock on
street held for jury.

Whether crushed rock that caused a bicycle
to skid was that which fell on the street from
defendant's truck, and whether the dropping
and leaving of it there and then was negligence,
and the proximate cause of the accident, *held*,
under the evidence, questions for jury.

Appeal from District Court, El Paso
County; P. R. Price, Judge.

Action by Mrs. P. M. Jacobs, as next
friend, against Dudley & Orr, a corporation.
Judgment for plaintiff, and defendant ap-
peals. Affirmed.

Winter, McBroom & Scott, of El Paso, for
appellant.
Moore & Smith, of El Paso, for appellee.

WALTHALL, J. This was a suit brought
in the Forty-First district court by Mrs. P.
M. Jacobs, as next friend for her minor son,
Walter Jacobs, a boy about 12 years of age,
seeking recovery of damages against Dudley
& Orr, a corporation, for personal injury al-
leged to have been caused said minor by his
bicycle, upon which he was riding on a street
in El Paso, coming in contact with small
particles of crushed rock alleged to have
been negligently left in the street by defend-
ant, and that such bicycle, by striking the
same, was caused to skid, and thereby
caused said minor to receive a fall from his
bicycle; to which action defendant pleaded
general denial and contributory negligence
on the part of such minor. Trial was had
to a jury on a general charge, the court hav-
ing refused a peremptory instruction asked
by defendant, and verdict was returned in
favor of plaintiff against defendant.

By several propositions appellant urges
that it was error to refuse requested per-
emptory instruction for defendants: (1) Be-
cause there is no evidence that the defend-
ants or their servants left the crushed rock
in the street which caused the bicycle to
skid; and (2) because it does not sufficiently
appear that any crushed rock in the street
caused the bicycle upon which Walter Jacobs
was riding to skid and fall.

Plaintiff pleaded that, while Walter Jacobs
was riding his bicycle on the street of El
Paso, the bicycle struck certain small stones,
which were particles of crushed rock, and
the bicycle was thereby caused to skid and
fall, and threw him to the street and broke
his leg. The negligent act assigned is that
appellants permitted crushed rock to fall

out of their trucks and be left on the street.
If there is any evidence to support appellee's
charge of negligence and proximate cause, it
is found in the testimony of Walter Jacobs,
Mrs. Jacobs, and Mrs. Webb, which substan-
tially is as follows, copied from appellee's
brief:

"Walter Jacobs testified: 'I fell off my bi-
cycle that afternoon at the corner of Indiana
and Tremont streets. I skidded. A rock caus-
ed me to skid. Just before my bicycle skid-
ded, I did not notice anything lying on the sur-
face of the pavement. I never saw anything on
the street until I got to skidding. I saw a rock.
It looked like this rock, sharp rock, broken up
(indicating some pieces of crushed rock, rang-
ing in size from half an inch to an inch shown
the witness). The kind of rock my bicycle ran
into was not the kind of rock you ordinarily
see around in that section of Highland Park.
When I fell, both wheels of the bicycle skidded.
By "skidded" I mean just slipped, and threw me
down. After I saw the rocks, I did not have
time to stop. I saw the rocks just as I started
to skidding. It was just a second or so before
I fell. These are the particular rocks I saw
there when I began to skid; a boy picked
them up in the street for me, and brought them
to the house; I don't know when, but a short
time after I was hurt. It was about three or
four weeks. I did not pick up these rocks
myself. They are not the same identical rocks I
skidded on, but ones that look just like them.'"

"Mrs. John L. Webb, after testifying that she
was sitting on her front porch, about an hour
or two before Walter Jacobs was hurt, and
that from there she could plainly see the corner
of Indiana and Tremont streets, about a block
away, said: 'I saw a truck, loaded with stone
or crushed rock, turn the corner of Indiana and
Tremont streets. * * * This particular time
I saw the rock fall off was about two, not more
than two hours and a half before Walter Ja-
cobs got hurt. * * * It was a Dudley & Orr
truck. I noticed a sign on the same truck I
saw turn the corner of Indiana and Tremont
streets and spill some rock. It had Dudley &
Orr Quarry on the truck. On this particular
occasion, I won't be positive which way this
truck was going on Indiana street; but you
know they go around that corner so fast some-
times, to keep from slowing up they cut across
the street car tracks there, and turn that cor-
ner, when rocks fall off, and a whole lot of
them fell off, too. They were going fast. I
got there just soon after Walter Jacobs was
hurt. * * * He was lying by the side of the
street when we got there; lying in a bed of
rocks. These rocks that I saw fall off that
Dudley & Orr truck at the corner were at the
same place where I found Walter Jacobs an
hour or two later. I saw a good many rocks
fall off this truck; I guess a tub full, or more;
a whole lot of rocks, I know. This is just the
kind of rocks they were; the kind they haul
all the time. * * * That was absolutely at
the same place I had seen the rocks fall. The
truck was on my side of the street when the
rocks fell off. The curve at that corner is a
sharp curve. I could not tell from my house
that the rocks that fell off the Dudley & Orr
truck that afternoon were the same size as

these. I saw the rocks fall off, and when I went down there I saw rocks of that size. All I know is that about 2½ hours before Walter had his fall, I saw a Dudley & Orr truck turn suddenly there, and some rocks fall. * * * I am positive that the truck that I saw spill the rocks had Dudley & Orr on it; I am not positive which way it was going, but know that it was on the east side of the track when it spilled the rock.'"

Other witnesses testified that appellants were hauling crushed rock on and about the street at the place and on the day Walter Jacobs received his injury. Mrs. Jacobs testified that she had occasion to cross the street where the boy was to get to him, and noticed a bed of sharp-pointed rock on the street that looked like that exhibited in court.

It is contended by appellants that no one would anticipate that small particles of crushed rock left upon the street would cause personal injury to a traveler on a bicycle, and therefore the act of leaving them upon the street would not constitute actionable negligence. Appellee has brought the case within the rules of actionable negligence, as defined by the courts. Tex. & Pac. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; Houston, B. & G. N. Ry. Co. v. Pollard, 28 Tex. Civ. App. 172, 66 S. W. 851; Overhouser v. Am. Cereal Co. et al., 118 Iowa, 417, 92 N. W. 74.

In this case under the pleadings of both parties, the issues of negligence and proximate cause are issues of fact for the jury. Appellee tendered no issue of want of knowledge of danger from the rock in the street or want of discretion on the part of the boy, by reason of his age, so that the rule as stated by the Supreme Court in Railway v. Shiflet, 94 Tex. 131, 58 S. W. 945, is not involved. It is insisted by appellants that the mere fact of dropping crushed rock on the street would not be sufficient of itself to show negligence, without evidence of the further fact that appellants negligently permitted the rocks to remain. The proposition might be true, if the evidence did not show that crushed rock was left in the street at the place where Mrs. Webb saw it fall from appellants' truck, but a short time before the boy was injured, and at the place where he was injured, and that crushed rock was seen in the street by Mrs. Jacobs at the place where the boy was found injured immediately after his fall.

While the evidence does not identify any of the rock that fell from appellant's truck as the identical rock or rocks that caused the bicycle to skid, and while the evidence shows that trucks other than those of appellants were hauling crushed rock and dropping it on the streets before and at that time, the evidence does not show that any

crushed rock fell from any other trucks than those of appellants at the identical place where the boy was injured. The evidence seems sufficient to justify the court to refuse to instruct the jury in favor of appellants, and to submit the issue to the jury whether the crushed rock that caused the boy's bicycle to skid was the rock that fell from appellant's truck, and whether the dropping of the rock in the street at that time and place was negligence, and the proximate cause of the boy's injury. We cannot say as a matter of law that, in permitting the rock to fall from the truck into the street and remain there, appellants could not anticipate that injury would result therefrom.

The jury found the issues in appellee's favor, and we have concluded that the evidence is sufficient to sustain the findings.

Finding no reversible error, the judgment is affirmed.