MICHAEL J. DUFFEE *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   March 27, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Judgment.   Husband and Wife.*

A judgment for the defendant in an action by a married woman for personal inju-
ries is not a bar to an action by her husband against the same defendant for the
expenses of her care and cure and the loss of her services and consortium caused
by the same injuries.

TORT, by the husband of Bridget Duffee, for expenditures
for her care and cure and loss of her services and consortium
alleged to have been occasioned by the negligence of the de-
fendant's agents and servants in suddenly starting a car from
which Bridget Duffee was alighting, causing her to be thrown
to the ground and injured.   Writ dated April 17, 1903.

The answer was a general denial, but subsequently the de-
fendant filed a petition to enter judgment for the defendant
setting forth that Bridget Duffee, the plaintiff's wife, by a writ
dated August 10, 1899, brought an action of tort against the
defendant for the same injuries, in which on December 3, 1902,
a verdict was returned for the defendant, and a motion for a
new trial having been denied with costs, judgment was entered
for the defendant and execution thereon was issued to the de-
fendant on February 18, 1903.

In the Superior Court the case was heard by *Hardy,* J.   It
was admitted that the above facts set forth in the defendant's
petition were true, and that the acts or omissions relied on by
the plaintiff as a ground for recovery against the defendant were
the same acts or omissions declared on and tried in the action
brought by Bridget Duffee, and that any evidence, as to the due
care of Bridget Duffee, the negligence of the defendant and upon
the question whether Bridget Duffee received any physical injury,
which would support the second action could have been offered
in support of the first action.

The judge ordered a verdict for the defendant and that

judgment be entered on such verdict; and the plaintiff alleged exceptions. It was agreed by the parties that no question was raised by the bill of exceptions as to the admissibility of the defence under the defendant's answer.

*L. H. Wardwell*, (*S. A. Fuller* with him,) for the plaintiff.

*E. P. Saltonstall & S. H. E. Freund*, for the defendant.

KNOWLTON, C. J. In this Commonwealth, except as to matters between husband and wife, "a married woman may sue and be sued in the same manner as if she were sole." R. L. c. 153, § 6. The result is that a married woman who is injured through the negligence of another may recover damages for her injury on her sole and separate account. At the same time, as her husband is bound to provide for her support, he may maintain an action in his own name to recover the expenses to which he is put for her care and cure, as well as for his loss of consortium. *Kelley* v. *New York, New Haven, & Hartford Railroad*, 168 Mass. 308. These are separate actions to recover damages which each suffered individually from the same wrong. Except so far as the consequences of the wrong are to be considered in assessing damages, the liability of the defendant depends upon the same facts in each case; but the actions are as independent of each other as are two actions founded on a collision of two teams, caused by the negligence of the defendant, one brought by the driver, a servant of the owner of the team, to recover for his personal injuries, and the other by the owner, to recover for damages to his horses and wagon. The defendant's liability for the damages in the two cases depends upon the same facts, but there is no privity between the plaintiffs. Each is enforcing an independent right.

A judgment in one of these cases cannot be put in evidence in a subsequent trial of the other. A former adjudication is binding only upon the parties to the suit and those who are in privity with them. *Eastman* v. *Cooper*, 15 Pick. 276. *Sparhawk* v. *Wills*, 5 Gray, 423. As was said in *Sturbridge* v. *Franklin*, 160 Mass. 149, 151, "It creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts."

The ruling that the judgment for the defendant in a former action brought by the plaintiff's wife was a bar to the action

brought by the plaintiff was erroneous. There are decisions under similar statutes in other States in support of this view. *Neeson* v. *Troy*, 29 Hun, 173. *Groth* v. *Washburn*, 39 Hun, 324. *Stamp* v. *Franklin*, 144 N. Y. 607. *Walker* v. *Philadelphia*, 195 Penn. St. 168. *Brierly* v. *Union Railroad*, 26 R. I. 119.

*Exceptions sustained.*