JAMES S. HEY vs. WINFIELD F. PRIME, executor.

.   . Suffolk.   November 17, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ. ·

*Practice, Civil,* Motion to dismiss.   *Jurisdiction.   Survival of Suits.   Husband and Wife.   Words,* " Damage to the person."

A motion to dismiss an action of tort against an executor, on the ground that the defendant's testator died before the action was brought and that under R. L. c. 171, § 1, the action did not survive, may be made at any stage of the case, because if the allegations are true the court is deprived of all jurisdiction.

An action of tort by a husband for consequential damages incurred by reason of personal injuries to his wife does not survive under R. L. c. 171, § 1, not being . an action for " damage to the person " within the meaning of that statute.

· TORT against the executor of the will of James F. Ginn for loss of the services and society of the plaintiff's wife, Marion Hey, by reason of injuries sustained by her on February 13, 1905, from falling on an accumulation of ice in the cellar of a building numbered 129 on Boylston Street in Boston, which at the time of the injuries was owned and controlled by the defendant's testator.   Writ in the Municipal Court of the City of Boston dated August 4, 1906.

It appeared by the writ and the declaration that James F. Ginn, the defendant's testator, was dead when the action was brought.   The answer contained a general denial, and alleged payment and the payment of all expenses for medicine and medical attendance.

On appeal to the Superior Court the case came on to be tried before *Pierce,* J.   After the jury were empanelled and after the plaintiff had read the pleadings and had made his opening, the defendant filed the following motion to dismiss the action: " Now comes the defendant and moves to dismiss this action because in the declaration and the opening statement of counsel for the plaintiff the cause of action, as set forth, if any, does not survive."

The plaintiff in his opening stated the facts to be as alleged in the plaintiff's writ and declaration.   No further facts bearing upon the question of the survival of the action were stated.

The question of the survivorship of the action never had been raised by the defendant in his pleadings, either in the Municipal Court or in the Superior Court, until after the opening statement of the plaintiff in the Superior Court. The judge ruled that the defendant was entitled to have the action dismissed on the ground that the cause of action did not survive. He allowed the motion, and made an order that the action be dismissed. The plaintiff alleged exceptions.

*E. W. Crawford*, for the plaintiff.

*W. W. Kennard*, (*W. F. Prime, & W. J. Drew* with him,) for the defendant.

BRALEY, J. If upon an opening, the plaintiff fails to state a case, ordinarily the defendant may request that a verdict be ordered in his favor. The presiding judge, in his discretion, then either may give a decision or wait until the plaintiff's, or the entire evidence has been introduced, before deciding the question. But, although no demurrer had been filed, or request made, it was not too late for the defendant to move to dismiss, if the declaration and the facts stated in the opening showed that the cause of action did not survive, as the court was left without jurisdiction. *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560, 563, and cases cited. *Merriam* v. *Currier*, 191 Mass. 133. *Corcoran* v. *Higgins*, 194 Mass. 291.

By the common law, the right of the husband to recover damages for an injury to his wife, whereby either her services or consortium became lost, perished with the death of the wrongdoer. The injury inflicted, being the act of the tortfeasor, who escaped by death, his executor or administrator could not be held, because the executor or administrator had committed no wrong in his personal capacity, and the plea, which must have been not guilty, raised only the issue of the decedent's guilt. *Wilbur* v. *Gilmore*, 21 Pick. 250, 252. But this rule having been modified by statute, the question is, whether such an action survives under R. L. c. 171, § 1. This section, which follows previous revisions, provides, that ". . . actions of . . . tort for assault, battery, imprisonment, or other damage to the person" shall not abate by death. Gen. Sts. c. 127, § 1. Pub. Sts. c. 165, § 1. Unless the case comes within the last clause, the plaintiff is not relieved. It has uni-

formly been held since the enactment of St. 1842, c. 89, § 1, to which this clause runs back for its origin, that the nature of the damages sued for, rather than the form of remedy, is the test. By this construction, the language, " or other damage to the person," includes such damages only as result from direct bodily injury, but excludes consequential damages suffered by those who are injured from a wrongful interference with their rights arising from the negligence of the decedent. *Smith* v. *Sherman*, 4 Cush. 408, 413. *Cutter* v. *Hamlen*, 147 Mass. 471. *Wilkins* v. *Wainwright*, 173 Mass. 212, and cases cited. *Dixon* v. *Amerman*, 181 Mass. 430. If the common law doctrine of unity of husband and wife, by which she was deemed a part of his person, has been almost wholly abrogated by legislation, yet the right to her exclusive conjugal fellowship still remains, and he may recover damages for its impairment by the wrongful acts of strangers. *Nolin* v. *Pearson*, 191 Mass. 283, 285, 286. But, while this right has been preserved, if during coverture she suffers personal injury, whether it results from the direct act of the decedent by the use of force, or is caused by his negligence, she alone, by reason of our statutes conferring upon her absolute control over her person and the right to sue as if sole, can maintain an action for damages, which upon recovery become her separate property. *Nolin* v. *Pearson, ubi supra. Duffee* v. *Boston Elevated Railway*, 191 Mass. 563, 564. But where the husband also brings suit, because the disability arising from the tort has deprived him of either her services or matrimonial companionship, his right to recover rests upon the ground that the wrong suffered by him, while personal in effect, is regarded as purely consequential in character. *Barnes* v. *Hurd*, 11 Mass. 59. *Kelley* v. *New York, New Haven, & Hartford Railroad*, 168 Mass. 308, 311.

It is plain that under the statute such an injury cannot be classed as " damage to the person," and the motion to dismiss was granted properly.

*Exceptions overruled.*