JAMES A. WHITCOMB *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

SAME *vs.* SAME.

Suffolk.    January 17, 1913. — September 11, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Railroad. Carrier,* Of passengers. *Damages,* In tort. *Husband and Wife. Practice, Civil,* Findings of trial judge.

Money, not intended for travelling expenses, in a handbag carried by a passenger
in a railroad train is not baggage for the loss of which the corporation operating
the railroad is liable.

In an action of tort for personal injuries, which is tried before a judge without a
jury and in which the defendant's liability is admitted, where no ruling of law
is asked for or made in regard to the amount of damages to be allowed for
medical attendance, the amount of such damages is a matter of fact to be de-
termined by the decision of the trial judge. In the present case *it was said,*
that, if the findings of the judge upon this matter were reviewable, this court
saw no error in them.

Where a married woman has recovered judgment against a railroad corporation
in an action for personal injuries caused by a collision of trains, her husband, in
a subsequent action against the railroad corporation for consequential damages
caused to him by her injuries, can recover nothing for loss of consortium. Fol-
lowing *Bolger* v. *Boston Elevated Railway,* 205 Mass. 420.

In an action of tort by a husband against a railroad corporation for consequential
damages caused by personal injuries sustained by the plaintiff's wife in a colli-
sion of trains on the defendant's railroad, for which the plaintiff's wife in a pre-
vious action has recovered damages from the defendant, where the case is tried
before a judge without a jury and the evidence is conflicting as to whether
certain medical attendance furnished for the plaintiff's wife was made necessary
by the consequences of her injuries in the railroad accident or whether, if it
was necessary at all, it was required for the treatment of an ailment from which
the plaintiff's wife suffered before the accident and which was not due to the
accident directly or indirectly, it is for the trial judge to say in the first place
what injuries resulted from the accident and what, if any, diseases were set in
motion by it as the direct and efficient cause, and then to say what medical and
other attendance and treatment were reasonably necessary, and what was the
fair value of the services and treatment so rendered.

MORTON, J. These two actions were tried and have been argued
together. They are brought to recover for injuries caused by and
damages arising out of a collision of trains on the defendant's

road at Sharon Heights, on August 24, 1898. Both the plaintiff and his wife, Virginia H. Whitcomb, were injured, and it is claimed by the plaintiff that a sum of money belonging to him was lost at the time of the collision from a handbag carried by his wife.

The first action is for the plaintiff's personal injuries and for the money in the handbag belonging to him. The second action is for loss of the services and consortium of his wife during an illness subsequent to the accident, and for the expenses incident to such illness.

An action for the injuries sustained by the wife was brought by her and a verdict of $5,000 was rendered in her favor on which judgment was entered and an execution issued which was satisfied.

The cases were tried before a judge * without a jury. At the trial the defendant did not contest the question of its negligence nor the question of due care on the part of the plaintiff and his wife. The judge found in favor of the plaintiff in both actions, but refused to make certain findings or rulings requested by the plaintiff, and the cases are here on exceptions by the plaintiff to such refusal and to certain findings and rulings made by the presiding judge.

In the first action the judge found for the plaintiff and assessed the "damages in the sum of $750 including therein $100 for medical attendance." He ruled as "matter of law that the plaintiff cannot recover for money in the bag as it appears and I find that it was not carried for necessary travelling expenses." There is nothing to show that the money in the bag which the plaintiff alleged to belong to him was for travelling expenses, and it is plain that the ruling and finding in regard to such money were right. *Levins* v. *New York, New Haven, & Hartford Railroad,* 183 Mass. 175. *Dunlap* v. *International Steamboat Co.* 98 Mass. 371. *Jordan* v. *Fall River Railroad,* 5 Cush. 69.

The amount which the plaintiff was entitled to recover for personal injuries and which should be allowed for medical attendance on him was especially a matter for the trial judge to pass upon. He saw and heard the plaintiff and his witnesses as well as the witnesses for the defendant, and had opportunities which we have not of judging how much weight should be given to their testi-

---

* *Morton,* J.

mony and whether the assertions of the plaintiff in regard to the injuries alleged to have been sustained by him were fair and reasonable or were exaggerated with a view to inflating the damages. There was testimony brought out on the cross-examination of the plaintiff's physician tending to show that the injuries sustained by the plaintiff were not so serious as he asserted that they were. And the same witness testified further on cross-examination that out of a bill for $6,500 rendered by him for medical attendance on the plaintiff and his wife he "should say $200 was for treatment upon Mr. Whitcomb." There was evidence which, we think, fairly warranted the trial judge in finding that even that amount was in excess of what could have been properly charged for attendance on the husband. The whole matter was one entirely within the discretion of the trial judge, and, if reviewable here, we see no error in the exercise of his discretion. No ruling of law was asked for or made.

In regard to the other action the judge found that "the plaintiff's wife received full compensation from the defendant for any injuries suffered by her by reason of the accident," and he ruled as matter of law that the plaintiff was not entitled to recover for loss of consortium. The evidence warranted the finding and the ruling was clearly right. *Bolger* v. *Boston Elevated Railway,* 205 Mass. 420. *Feneff* v. *New York Central & Hudson River Railroad,* 203 Mass. 278.

The plaintiff asserted and introduced evidence tending to show that after the accident his wife had an ovarian tumor of which the accident was the exciting cause, and that as a result of that and of other injuries sustained by the accident she suffered from neurasthenia and was ill for a long time and that he was put to great expense for medical attendance and nursing for her. The plaintiff asked the court to make the following findings or rulings: "3. That upon all the evidence as a matter of law the defendant is liable in damages as a case of directly ensuing loss for those damages to the plaintiff caused by the ovarian tumor which developed after the injuries to the plaintiff's wife, Virginia H. Whitcomb, and the resulting surgical operation and the after condition   4. That the defendant is liable not only for all damages from traumatic injuries resulting from the accident, but also for all other diseases and disabilities which were set in motion

by the accident as a direct, immediate and efficient cause, so far as relates to the plaintiff's right of recovery." The judge found: "2. . . . That the ovarian cyst from which she [the plaintiff's wife] suffered was not due directly or indirectly to the accident; 3. . . . that she suffered from neurasthenia after the accident; that this nervous disease was caused in part by the accident and in part by the ovarian condition; and that she required more or less medical attendance. All expenses incurred for services of attendants and nurses and for doctors, other than Dr. Page, I find were due to the ovarian trouble and they are disallowed. 4. The services of Dr. Page, so far as they were necessary, were mainly rendered because of the condition resulting from the ovarian trouble. His attendance and treatment for the neurasthenia resulting from the accident were not such as were reasonably necessary, and tended rather to prolong and aggravate the nervous condition due to the accident rather than to help it. A certain amount of attendance and treatment were, however, necessary at the time of the accident, and because of the nervous condition due to the accident which lasted for a year or more, I find that a fair value for such services was $500."

These findings, if warranted by the evidence, as we think they were, dispose of the rulings or findings asked for. There was ample evidence from the medical experts of the defendant to sustain the finding that the ovarian cyst or tumor was not due directly or indirectly to the accident. And if the tumor was not due directly or indirectly to the accident, then the defendant was not and could not be liable as matter of law for the damages caused by it and for "the resulting surgical operation and the after condition." It was for the judge who tried the case to say in the first place what injuries resulted from the accident and what, if any, diseases were set in motion by it as the direct and efficient cause, and then to say what medical and other attendance and treatment were necessary and what the fair value of the services and treatment so rendered was. See *Hunt* v. *Boston Terminal Co.* 212 Mass. 99. By "necessary" must be understood to have been meant reasonably necessary in view of the character of the injury or disease. There was testimony from one of the defendant's witnesses who saw the plaintiff's wife shortly after the accident, that he "thought it would take her some time be-

fore she would be well nervously; thought she would be in bed a month and ailing three or four months." Another of the defendant's witnesses who saw her on May 25, 1900, and November 18, 1903, testified that at the first visit "I was not satisfied that the nervous symptoms in the case were genuine or uncontrollable. At the next one I was very decided that, in my opinion, the manifestations were entirely within her control and had nothing to do with the original accident." The same witness testified: "I should think a liberal estimate for all those whole five years would be one visit a week; that would be a very liberal estimate." There was evidence tending to show that the last and final trial of Mrs. Whitcomb's case ended December 3, 1903, and that Dr. Page, her attending physician, made his last visit three days after. This with other evidence in the case well might have led the trial judge to doubt the genuineness of the manifestations testified to in regard to Mrs. Whitcomb's condition, and to find, if such manifestations were caused by real illness or disability, that they were due to the ovarian tumor for which she was operated upon in November, 1901, and not to the accident.

We do not discover anything which requires that the exceptions should be sustained.

*Exceptions overruled.*

*W. B. Grant,* for the plaintiff.
*J. L. Hall,* for the defendant.