145 So.2d 252 (1962)
Carlos Frederico WILSON and Ethel Wilson, Husband and Wife, Appellants,
v.
T.A. REDDING, d/b/a T.A. Redding Garbage Service, and Lawrence Lilly, Appellees.
No. 2795.
District Court of Appeal of Florida. Second District.
October 5, 1962.
T.J. Johnson, Jr., Johnson & Barrs, Tampa, for appellants.
A. Broaddus Livingston, Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellees.
ALLEN, Acting Chief Judge.
The plaintiffs, Carlos Wilson and Ethel Wilson, his wife, appeal a final judgment entered for the defendants in an action resulting out of an automobile-garbage truck collision.
Carlos Wilson was a passenger in an automobile driven by Mrs. Auvergne Shumate on September 22, 1960, which collided with a garbage truck owned by defendant Redding and driven by an employee, Lawrence Lilly. Count I of the complaint alleged that defendant Lilly carelessly and negligently operated the garbage truck causing resultant personal injuries to Carlos Wilson. Count II realleged the allegations of Count I and the plaintiff, Ethel Wilson, sought damages for loss of consortium and society by reason of the injuries sustained by her husband. The Count for loss of consortium was dismissed by the trial judge prior to trial.
The answer denied the allegations of the complaint and alleged that Mrs. Shumate was the sole proximate cause of the accident. The facts disclose that Mrs. Shumate was traveling south on U.S. 41, about 55 *253 to 60 m.p.h. on an inside lane next to an island. She testified that she observed defendants' truck suddenly cut in front of her about two car lengths ahead. She applied her brakes but struck the rear of the truck, and plaintiff Carlos Wilson's body was thrown out of the car, his feet remaining inside the car. Mrs. Shumate was also injured, suffering a fractured knee and hip.
Mrs. Shumate testified that the truck driver did not signal to change lanes and the investigating Highway Patrolman testified that a liquid trail led out of a driveway about 70 yards in the lane next to the curb. About 30 feet from the intersection the trail made an abrupt turn toward the inside lane and led to the rear of the truck. He also testified that there were 71 feet of skid marks. Defendant Lilly testified that he signaled before turning, and the defendants denied that the liquid trail came from their truck. The jury found the defendants "not guilty," and the court entered judgment for the defendants, and later denied plaintiffs' motion for a new trial.
The appellants do not question the sufficiency of the evidence that was adduced to sustain the jury verdict in this case. The appellants argue that the jury obviously considered evidence outside the testimony presented and that the testimony presented was in irreconcilable conflict. If, in fact, the jury considered matters outside the testimony, nothing appears in the record before us from which we could deduce such actions. A study of the testimony convinces us that a jury question was presented and fairly decided and that, therefore, the lower court did not err in refusing to grant a motion for new trial.
The appellants also assign as error the striking of appellant Ethel Wilson's Count II which is for loss of consortium.
Counsel for the appellants, in their brief, state that this point should be certified to the Supreme Court of Florida since our Supreme Court in Ripley v. Ewell, Fla. 1952, 61 So.2d 420, held that a wife at common law could not sue for loss of consortium. In the Ripley case, Florida followed the common law rule and, there having been no statutory changes since, that case is still controlling.
In Ripley v. Ewell, supra, the Supreme Court, in its decision, said:
"* * * While we should not hesitate to declare the law as we find it, even though the unwary who have been ill advised in their action may suffer, we should not by judicial fiat make changes in established law that will injuriously affect many persons who could not possibly foresee or anticipate such action on our part."
Appellants also argue that subsequent to the Ripley case, supra, the Supreme Court had designated a form which authorizes a wife to sue for the loss of consortium of her husband.
Counsel for the appellees, in their brief, state:
"The Florida Supreme Court by its order dated January 21st, 1950, approved and adopted by reference certain pleading forms promulgated by the Supreme Court of the United States under Rule 84 of the Federal Rules of Civil Procedure [28 U.S.C.A.]. Form 32 [30 F.S.A. Rules of Civil Procedure following rule 1.8] is not one of these forms, and is merely one suggested by the editors of 30 F.S.A.
"In the introduction in 30 F.S.A., the editors state:
"`Forms which have been added at the end of the material on each Rule are an innovation. There is no hope or purpose to make this a complete form book. The forms are merely a pattern for the most general needs and will assist in translating the particular Rule into action. Free recourse has been had to the forms developed under the Federal practice where they seemed appropriate.'"
*254 The Legislature of Florida has not provided for a wife to secure damages for loss of consortium. We, therefore, hold that the lower court committed no error in striking Count II of the complaint.
Affirmed.
SMITH and WHITE, JJ., concur.