ANTOINETTA SAELI *vs*. MARIA MANGINO.

Suffolk.   January 5, 1968. — February 2, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Practice, Civil*, Exceptions: whether error harmful. *Error*, Whether error harmful.

At the trial of an action by a woman for alienation of her former husband's affections against another woman, whom he married a month before a divorce obtained by him from the plaintiff became final, and for criminal conversation of the defendant with him, any error in the exclusion of certain evidence designed to impeach the defendant was harmless where the impeachment value was tenuous at best and the evidence was subsequently introduced [592]; there was no error in the exclusion of a question to the defendant as to whether a child of the defendant and of the plaintiff's former husband was a "full nine-month child" where there was other evidence of the time of sexual relations between them [592]; there was no reversible error in the exclusion of certain admissible evidence bearing on the state of mind of the plaintiff's former husband at a certain time where there was other evidence that at that time, due to the defendant's conduct, he had no affection for the plaintiff [592–593]; there was no reversible error in the admission of certain hearsay evidence where corroborative evidence was admitted without objection [593]; and there was no reversible error in the admission of excludable evidence as to the defendant's income "over the past few years" where there was evidence that she had enticed the plaintiff's former husband to leave the plaintiff by financial inducements [593].

TORT.   Writ in the Superior Court dated August 31, 1961. The action was tried before *Gourdin, J.*

*Jules E. Angoff* for the plaintiff.

*Edward T. Martin* (*Julian Soshnick* with him) for the defendant.

SPALDING, J.   The declaration in this action of tort contained a count for alienation of affections and a count for criminal conversation.   The case was referred to an auditor (facts not final) who found for the plaintiff on count 1.[1]

---

[1] This was the only count before the auditor; the count for criminal conversation was added later by amendment.

Saeli *v.* Mangino.

Thereafter the case was tried to a jury on the auditor's report and other evidence. Verdicts were returned for the defendant on both counts. The case is here on the plaintiff's exceptions to various rulings on evidence and to the denial of her motion for a new trial. Since we are of opinion that the exceptions present no questions worthy of extended discussion we shall deal with them briefly.

1. If, as we do not decide, the judge erred in excluding questions put to the defendant as to whether she knew that the lawyer representing her in this action had also represented the plaintiff's husband (Saeli) in a divorce proceeding brought by him against the plaintiff, no harm was done. The excluded evidence, it is now argued, was admissible to impeach the defendant, who had disclaimed knowledge of the divorce proceedings. But the impeachment value of this evidence was tenuous at best and the judge could have excluded it in the exercise of his discretion. This evidence was later elicited from Saeli when he testified.

2. A decree nisi was entered on May 31, 1961, in the divorce proceedings brought by Saeli against the plaintiff; this decree became absolute on December 1, 1961. Saeli married the defendant in New Hampshire on November 1, 1961. On March 20, 1962, the defendant gave birth to a child, of whom Saeli was the father. The defendant was asked whether this was a "full nine-month child" and the question was excluded. There was no error. Since there was a finding of the auditor that Saeli and the defendant had had intimate relations in June or July of 1961, this evidence would have added little; because of the date of the marriage (November 1, 1961) the jury could readily have inferred that the child was not conceived in lawful wedlock.

3. The plaintiff's sister, who had heard Saeli talking on the telephone on Valentine's Day, 1961, was asked to state what he had said and the question was excluded. The plaintiff offered to prove that Saeli said to the person he was talking with that he "would like to give her a bath" and had bought her a valentine. The plaintiff's sister was

then asked to state a conversation between Saeli and the plaintiff which occurred immediately after the telephone conversation. This also was excluded. The expected evidence was that Saeli told the plaintiff "this Valentine . . . was for" the defendant. At most this evidence might have had some bearing on Saeli's state of mind. *Sherry* v. *Moore*, 258 Mass. 420, 423. But there was an abundance of evidence that Saeli at that time, due to the defendant's conduct, had no affection for the plaintiff and, although the excluded evidence might have been admitted, we cannot say that its exclusion was reversible error. G. L. c. 231, § 132.

4. Saeli was permitted to testify that on February 22, 1961, he was attacked by two assailants who said they had been hired by the plaintiff to break his leg. This evidence, of course, was hearsay. But its admission is not cause for reversal. There was evidence introduced without objection that the plaintiff had admitted to Saeli that she did not procure the two men to kill him but just to "break a leg," and asked him "not to go to the police."

5. Saeli was permitted to testify that the defendant's income "over the past few years" was between $2,500 and $2,900. This evidence had little bearing on the issues being tried and might well have been excluded. But there was evidence (a finding by the auditor) to the effect that the defendant had enticed Saeli to leave the plaintiff by financial inducements. The evidence objected to had some, although slight, bearing on this issue, and we cannot say that its admission is ground for reversal.

6. The denial of the plaintiff's motion for a new trial reveals no abuse of discretion amounting to error of law. *Hartmann* v. *Boston Herald-Traveler Corp.* 323 Mass. 56, 60–61.

*Exceptions overruled.*