ANNA T. LOMBARDO vs. D. F. FRANGIOSO & Co., INC. & another.

Middlesex. February 1, 1971. — May 18, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Husband and Wife*, Consortium. *Actionable Tort. Negligence*, Causing loss of consortium. *Stare Decisis*.

A wife was not entitled to recover for loss of consortium caused by negligence of a third person injuring her husband; following *Feneff* v. *New York Cent. & H. R. R.R.* 203 Mass. 278. TAURO, C.J. dissenting, with whom SPIEGEL and BRAUCHER, JJ., joined.

TORT. Writ in the Superior Court dated April 18, 1970.

The action was heard by *Pecce*, J. on demurrer.

*Evan Y. Semerjian* for the plaintiff.

*George M. Herlihy* for the defendants.

CUTTER, J. The declaration is in two counts, one against each of two defendants. In each count the plaintiff, a wife, alleges that, as a consequence of the negligent conduct of the defendant named in that count, the plaintiff's husband was injured, "was prevented from performing . . . his occupation and . . . from continuing a normal marriage relationship with the [p]laintiff; and that as a result . . . [the d]efendant negligently interfered with the [p]laintiff's marriage relationship with her husband, whereby the [p]laintiff suffered loss of her husband's services, society, affection, companionship, relations, and consortium, all to her great damage." A Superior Court judge sustained a demurrer based on the ground that "[n]o cause of action exists for the matter set forth in the . . . declaration." The plaintiff appealed.

Since *Feneff* v. *New York Cent. & H. R. R.R.* 203 Mass. 278, 282, was decided in 1909, it has been generally ac-

cepted as Massachusetts law that neither spouse has any right of recovery for lack of consortium or loss of marital and other services growing out of a defendant's negligent injury to the other spouse. See *Bolger* v. *Boston Elev. Ry.* 205 Mass. 420, 421; *Whitcomb* v. *New York, N. H. & H. R.R.* 215 Mass. 440, 442; *Gearing* v. *Berkson,* 223 Mass. 257, 260–261; *Cassidy* v. *Constantine,* 269 Mass. 56, 57–58; *Rodgers* v. *Boynton,* 315 Mass. 279, 281–282; *Alden* v. *Norwood Arena, Inc.* 332 Mass. 267, 275–276; *Thornton* v. *First Natl. Stores, Inc.* 340 Mass. 222, 226–227; Prosser, Torts (3d ed.) §§ 118, 119, esp. p. 913, fns. 83, 84 and p. 917, fn. 15; Martin and Hennessey, Automobile Law (2d ed.) § 251. We interpret *Erickson* v. *Buckley,* 230 Mass. 467, 470–471, as recognizing at most the liability of a defendant (who had negligently caused injury to a wife) to compensate a husband (bound to support his wife and care for her) for medical and other expense for the wife's care to which the husband had been put by reason of the injury to the wife. For such actual expense a husband may still recover consequential damages. See, however, the *Cassidy* case, 269 Mass. 56, 57–60, *supra.* See also *Thibeault* v. *Poole,* 283 Mass. 480, 483–487; annotation, 21 A. L. R. 3d 1113, 1117.[1]

Prior to the *Feneff* case, it had been indicated or held in *Kelley* v. *New York, N. H. & H. R.R.* 168 Mass. 308, 311–312, *Duffee* v. *Boston Elev. Ry.* 191 Mass. 563, 564, and *Hey* v. *Prime,* 197 Mass. 474, 476, that a husband could recover for loss of consortium. The *Kelley* case, however, was expressly overruled in the *Feneff* case, 203 Mass. 278, 282. A majority of the court are of opinion that, in Massachusetts under or by extension of the general principles of the *Feneff* case and the decisions following it (already cited),

---

[1] The rule as to a spouse's recovery for certain intentional (as contrasted with negligent) interference with the marital relationship is different. Only negligence, however, is here alleged. See *Bigaouette* v. *Paulet,* 134 Mass. 123, 125–126; *Nolin* v. *Pearson,* 191 Mass. 283, 285–290; *Whittet* v. *Hilton,* 335 Mass. 164, 167–169; *Saeli* v. *Mangino,* 353 Mass. 591, 592–593; *Kaye* v. *Newhall,* 356 Mass. 300, 303. See also *deAntonio* v. *Solomon,* 42 F. R. D. 320, 322–323 (D. Mass.).

there may be no recovery, based on negligence, for loss of a spouse's services or for loss of consortium, apart from a husband's right (based upon his duty to support) to reimbursement of medical and closely related expenses incurred for the care of an injured wife. The demurrer was correctly sustained.

We are aware that there is much authority in the United States which differs from the Massachusetts rule.[2] We regard our rule, however, as having been well established throughout the more than sixty years since the *Feneff* decision. If a rule of such long standing is to be changed, we are of opinion that any modification should be accomplished by the Legislature and not by judicial decision. A change of this type by judicial decision is not as easily applied (as in the case of legislation) prospectively or after sufficient notice of a forthcoming change to ensure adequate insurance arrangements. If applied retrospectively to pending cases or to past accidents, the consequences of a change may be unfair to defendants or to their indemnitors.

We note that the *Feneff* case is discussed in the Forty-sixth Report of the Judicial Council (1970) Pub. Doc. No. 144, pp. 76–78, in the course of its consideration of 1970 House Bill No. 2364 (a proposed legislative overruling of the *Feneff* case). The Judicial Council has recommended strongly that no bill allowing either spouse to recover for lack of consortium be enacted.[3] Plainly there is not unanimity that the rule growing out of the *Feneff* case should be altered in any respect. In the circumstances we are of

---

[2] See Restatement 2d: Torts, §§ 693 and 695 (Tent. draft No. 14, April 15, 1969) and cases cited in reporter's notes, esp. p. 14, par. d. See also Prosser, Torts (3d ed.) §§ 118–119. Our attention was invited to many authorities in other jurisdictions by the plaintiff's comprehensive brief.

[3] The statement in the Judicial Council report concludes (emphasis supplied): "It cannot be denied that damages for loss of consortium of the wife or damages for loss of 'proper future companionship, society, and comfort' would be by far the *most speculative variety of damages under the sun*. Because a wife (or a husband) may now recover consequential damages under G. L. [c.] 231, § 6A, and because a wife may now recover for all of her injuries and damages in an action brought by herself, and because of the fact that damages for loss of consortium are *incredibly speculative*, we do not recommend this bill in any form."

opinion that the matter is not one appropriate for revision by judicial decision.

*Order sustaining demurrer affirmed.*

TAURO, C.J. dissenting (with whom Spiegel and Braucher, JJ. join). The majority opinion upholds a Superior Court order sustaining the defendants' demurrer to a declaration in tort for loss of consortium, the mutual right of the marriage partners to each other's fellowship, companionship, affection, cooperation in every conjugal relationship, including sexual relations. I am unable to agree with the majority view. See *Bigaouette* v. *Paulet*, 134 Mass. 123, 124; Lippman, The Breakdown of Consortium, 30 Col. L. Rev. 651 (1930). The plaintiff's declaration alleges that, as a result of the defendant's negligence, her husband sustained injuries which prevented him from maintaining a normal marriage relationship with her.

The right of a spouse to recover for the loss of consortium after acts constituting criminal conversation, enticement or adultery, has been consistently upheld in Massachusetts. *Bigaouette* v. *Paulet, supra. Nolin* v. *Pearson*, 191 Mass. 283. *Whittet* v. *Hilton*, 335 Mass. 164. *Saeli* v. *Mangino*, 353 Mass. 591. *Kaye* v. *Newhall*, 356 Mass. 300. Yet, the right of a wife to recover for the loss of consortium for a personal injury negligently inflicted on her husband by another has never been recognized in this Commonwealth.

The common law rule that a married woman has no cause of action for loss of consortium was accepted by this court early in the nineteenth century. *Barnes* v. *Hurd*, 11 Mass. 59 (1814). Near the close of that same century, this court recognized the right of a husband to recover for loss of consortium because of personal injuries negligently inflicted upon his wife by a third party and simultaneously permitted the wife to recover damages in her own right for her personal injuries. *Kelley* v. *New York, N. H. & H. R.R.* 168 Mass. 308 (1897). The court, at that time, declined to decide whether a wife, "by reason of . . . [statutes] in-

creasing the rights of married women." (p. 311) might maintain an action for the loss of her husband's consortium resulting from negligently inflicted injuries to her husband. The court said, "The question has been considered elsewhere, but the decisions are not in harmony." (P. 312.)

Thereafter, in 1906, it was decided that a judgment for the defendant in a tort action brought by a wife for negligently inflicted personal injuries did not bar her husband's independent action for loss of consortium resulting from those same injuries. *Duffee v. Boston Elev. Ry.* 191 Mass. 563, 564. The husband's right to recover for the negligently caused loss of his wife's consortium was reaffirmed in *Hey v. Prime*, 197 Mass. 474 (1908), but held not to survive the tortfeasor's death.

In *Feneff v. New York Cent. & H. R. R.R.* 203 Mass. 278 (1909), an opinion written by Chief Justice Knowlton, who also wrote the opinion in the *Duffee* case, *supra*, only three years earlier, this court held that a wife could not maintain an action for loss of consortium *where her husband had previously recovered for his personal injuries caused by the same negligent acts of the defendant.* However, the holding of the court in the *Feneff* case did not deny the right of the husband, or of the wife for that matter, to recover for injuries, including loss of consortium, in a negligence action brought together with the spouse's action. On the contrary, the court asserted that "[t]he right to the consortium of the other spouse seems to belong to husband and wife alike, and to rest upon the same reasons in favor of each." 203 Mass. at 280. Far from totally abolishing the husband's rights, such language — albeit dicta — would seem rather to constitute an implicit recognition of the wife's right to recover for loss of consortium in an action brought under appropriate circumstances. No mention is made in the *Feneff* case of *Duffee v. Boston Elev. Ry.*, *supra*, in which case the husband brought his action after the wife had failed to prevail in hers, although the court did distinguish *Kelley v. New York, N. H. & H. R.R.*, *supra*, in which the husband and wife's actions were tried together.

In *Bolger* v. *Boston Elev. Ry.* 205 Mass. 420 (1910), with, in my opinion, misplaced reliance on the *Feneff* case as authority, this court held that the husband could not recover for loss of his wife's consortium in a negligence action tried together with an action for her wrongful death.

In *Whitcomb* v. *New York, N. H. & H. R.R.* 215 Mass. 440, 442 (1913), the husband was not permitted to recover for the loss of his wife's consortium where she had *"received full compensation from the defendant for any injuries"* (emphasis supplied).

In *Gearing* v. *Berkson*, 223 Mass. 257, 260 (1916), *without any analysis*, the court simply stated that "consequential damages for loss of consortium cannot be recovered in either case [by the husband or the wife]," citing as authority for this proposition both the *Feneff* and *Bolger* cases, *supra*.

*Erickson* v. *Buckley*, 230 Mass. 467, 468 (1918), involved two actions for tort, one by the wife for negligently caused personal injuries and the other by the husband for "loss of his wife's services and society and expenses." This court allowed recovery in both actions, but apparently limited the husband's recovery to medical and other "indisputable" expenses incurred by him for the care of his wife. P. 470. In arriving at this decision, the court cited the *Kelley* and *Nolin* cases, *supra*, but made no mention of the *Feneff*, *Bolger*, *Whitcomb* or *Gearing* cases, *supra*.

More recently, *Rodgers* v. *Boynton*, 315 Mass. 279, 282 (1943), contained dictum that "[t]he loss of earning capacity by the wife was not an item of damage for which the husband was entitled to recover. He could not even recover the value of what he was deprived of by her disability to perform household duties."

In view of this decisional history, I believe that this court should now reëxamine the issue presented in the instant case in the light of all our prior decisions and of the decisions in other jurisdictions.

In 1950, the United States Court of Appeals for the District of Columbia held that a wife could sue for loss of consortium where the injury to her husband resulted from the

Lombardo *v.* D. F. Frangioso & Co., Inc.

negligence of a third party. *Hitaffer* v. *Argonne Co. Inc.* 183 F. 2d 811 (D. C. Ct. App.). In the intervening two decades, a substantial number of jurisdictions have recognized the existence of this cause of action, the most recent being Florida. *Gates* v. *Foley*, 247 So. 2d 40 (Fla.). Indeed, of the forty-three jurisdictions now recognizing a right of action for such loss of consortium, twenty-six allow it both to the husband and to the wife.[1] The remaining seventeen restrict it to the husband, a distinction of dubious validity in the present state of the law. See *Owen* v. *Illinois Baking Corp.* 260 F. Supp. 820 (W. D. Mich.); *Karczewski* v. *Baltimore & Ohio R.R.* 274 F. Supp. 169 (N. D. Ill.).

---

[1] Cases allowing recovery by both husband and wife: *Kake* v. *Horton*, 2 Hawaii, 209 (1860). *Hitaffer* v. *Argonne Co. Inc.* 183 F. 2d 811 (Ct. App. D. C. 1950). *Cooney* v. *Moomaw*, 109 F. Supp. 448 (D. Neb. 1953). *Acuff* v. *Schmit*, 248 Iowa, 272 (1956). *Page* v. *Scaramozi*, 288 S. W. 2d 909 (Tex. Civ. App. 1956). *Fox* v. *Fox*, 75 Wyo. 390 (1956) (dictum). *Mo. Pac. Trans. Co.* v. *Miller*, 227 Ark. 351 (1957). *Hoekstra* v. *Helgeland*, 78 S. D. 82 (1959). *Yonner* v. *Adams*, 53 Del. 229 (1960). *Dini* v. *Naiditch*, 20 Ill. 2d 406 (1960). *Montgomery* v. *Stephan*, 359 Mich. 33 (1960). *Duffy* v. *Lipsman-Fulkerson & Co.* 200 F. Supp. 71 (D. Mont. 1961). *Walden* v. *Coleman*, 105 Ga. App. 242 (1962). *Mariani* v. *Nanni*, 95 R. I. 153 (1962). *Novak* v. *Kansas City Transit, Inc.* 365 S. W. 2d 539 (Mo. 1963). *Ross* v. *Cuthbert*, 239 Ore. 429 (1964). *Ekalo* v. *Constructive Serv. Corp. of America*, 46 N. J. 82 (1965). *Nichols* v. *Sonneman*, 91 Idaho, 199 (1966). *Deems* v. *Western Md. Ry.* 247 Md. 95 (1966). *Moran* v. *Quality Aluminum Casting Co.* 34 Wis. 2d 542 (1967). *Millington* v. *Southeastern Elev. Co.* 22 N. Y. 2d 498 (1968). *Thill* v. *Modern Erecting Co.* 284 Minn. 508 (1969). *Troue* v. *Marker*, 253 Ind. 284 *Kotsiris* v. *Ling*, 451 S. W. 2d 411 (Ky. 1970). *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* 22 Ohio St. 2d 65 (1970). *Gates* v. *Foley*, 247 So. 2d 40 (Fla.).

Allowing husband's right of action only: *Nash* v. *Mobile & Ohio R.R.* 149 Miss. 823 (1928). *Milde* v. *Leigh*, 75 N. D. 418 (1947). *Nelson* v. *A. M. Lockett & Co. Ltd.* 206 Okla. 334 (1952). *Franzen* v. *Zimmerman*, 127 Colo. 381 (1953). *Ash* v. *S. S. Mullen, Inc.* 43 Wash. 2d 345 (1953) (semble). *Deshotel* v. *Atchison, Topeka & Santa Fe Ry.* 50 Cal. 2d 664 (1958). *Smith* v. *United Constr. Workers Dist. 50*, 271 Ala. 42 (1960). *Snodgrass* v. *Cherry-Burrell Corp.* 103 N. H. 56 (1960). *Wilson* v. *Redding*, 145 So. 2d 252 (Fla. 1962). *Page* v. *Winter*, 240 S. C. 516 (1962). *Seagraves* v. *Legg*, 147 W. Va. 331 (1962). *Roseberry* v. *Starkovich*, 73 N. M. 211 (1963). *Hoffman* v. *Dautel*, 192 Kans. 406 (1964). *Potter* v. *Schafter*, 161 Maine, 340 (1965). *Baldwin* v. *State & Vermont Rys.* 125 Vt. 317 (1965). *Krohn* v. *Richardson-Merrell Inc.* 219 Tenn. 37 (1966). *Brown* v. *Glenside Lumber & Coal Co.* 429 Pa. 601 (1969), following *Neuberg* v. *Bobowicz*, 401 Pa. 146 (1960).

Denying any such right of action: *Helmstetler* v. *Duke Power Co.* 224 N. C. 821 (1945). *Burk* v. *Anderson*, 232 Ind. 77 (1952). *Lockwood* v. *Wilson H. Lee Co.* 144 Conn. 155 (1956). *Black* v. *United States*, 263 F. Supp. 470 (D. Utah, 1967). Va. Code, tit. 55, § 55–36 (1950).

It has been contended that loss of consortium includes within its scope loss of support and that, since this is an element of damages implicitly contained in the husband's recovery for diminished earning capacity, allowance to the wife for loss of consortium might result in double recovery. See *Cassidy* v. *Constantine,* 269 Mass. 56, *Rodgers* v. *Boynton,* 315 Mass. 279, *Alden* v. *Norwood Arena, Inc.* 332 Mass. 267, and *Thornton* v. *First Natl. Stores, Inc.* 340 Mass. 222. A proper charge by the trial judge could eliminate this problem. See *Hitaffer* v. *Argonne Co. Inc.* 183 F. 2d 811, 819 (Ct. App. D. C.), cert. den. 340 U. S. 852. The problem may be further minimized by a joint trial of both the husband's and wife's causes of action. If brought separately, motions to consolidate should be allowed. See *Thill* v. *Modern Erecting Co.* 284 Minn. 508, 513.

When dealing with a rule of law originally established by judicial decision I believe that its change, when required, should come by means of a judicial decision.[2] In these circumstances, I do not believe that we should look to the Legislature for change. To do so is a distortion of the concept of judicial review whereby the Legislature is invited, in effect, to reverse judicial decisions. If the courts are to assert and maintain their rightful independence and inherent powers within their proper sphere, they should not pass on to the Legislature the task of altering by statute the holdings of prior judicial decisions in *nonstatutory* matters. The mere passage of time does not shift the burden to the Legislature.

This court should not effect a change in our substantive law *merely* because other States have done so by judicial decision. If the policy indicated by our earlier decisions permitting the husband the right to recover for loss of consortium and more fully enunciated by the well reasoned decisions of other States, which include such recovery by the wife, is sound — and I consider it to be so — then we

---

[2] *Bolger* v. *Boston Elev. Ry.* 205 Mass. 420, in denying recovery for loss of wife's consortium overruled the *Kelley, Duffee* and *Hey* cases.

should so state in this case. We ought not to direct our citizens to look solely to the Legislature for redress.[3]

"We are remitted, then, to a matter of sound judicial policy, a decision to be reached in the light of today's society and the current common-law solution of comparable problems." *Montgomery* v. *Stephan*, 359 Mich. 33, 46, 49. I agree with the observations of Justice Talbot Smith that "[t]he reasons for the old rule no longer obtaining, the rule falls with it. The obstacles to the wife's action were judge-invented and they" ought to be "judged destroyed."[4]

In *Ekalo* v. *Constructive Serv. Corp. of America*, 46 N. J. 82, 94–95, the New Jersey Supreme Court extended the previously recognized right of the husband to recover for loss of consortium in a negligence action to the wife. In response to the objection that such an extension of a substantive right should come about as a result of legislative action rather than a judicial decision, the court said: "Stressing the policy considerations, we expressed the view that the plaintiff should justly have his own right of action for his own loss, and in response to the contention that the matter must be left to the Legislature, we pointed out that since the earlier ruling of nonliability was judge-made, it

---

[3] "Equally unjustifiable as a basis for discrimination between husband and wife is the argument frequently made by the courts that the common law treatment of consortium should not be changed except by legislation. The evolution of the action has been almost exclusively judicial. Furthermore, since this is a problem of tort law, which is usually in the domain of the judiciary, it is proper for the courts to act in these cases; and it is by no means certain that the legislature would remedy the injustice in the absence of judicial determination. Because of these factors, judicial reluctance to adapt the common law to modern conditions seems particularly inappropriate." 61 Col. L. Rev. 1341, 1352.

[4] Compare Justice Smith's statement to that of Justice Sutherland in *Funk* v. *United States*, 290 U. S. 371, 381–382, overruling the long-standing Federal evidentiary rule that a wife could not testify in a criminal case in behalf of her defendant-husband: "It may be said that the court should continue to enforce the old rule, however contrary to modern experience and thought, and however opposed, in principle, to the general current of legislation and of judicial opinion, it may have become, leaving to Congress the responsibility of changing it. Of course, Congress has that power; but if Congress fail to act, as it has failed in respect of the matter now under review, and the court be called upon to decide the question, is it not the duty of the court, if it possess the power, to decide it in accordance with present day standards of wisdom and justice rather than in accordance with some outworn and antiquated rule of the past?"

could, under settled principles of common law, readily be
changed by judges to meet changing concepts and times.
. . . The same may be said in answer to those who, while
conceding the indefensibility in today's society of denying
the wife's consortium claim though the husband's claim
continues, nonetheless suggest that the archaic common
law differentiation should remain unaltered until the legisla-
ture chooses to act."[5]

This court, in other circumstances, has reversed prior
decisions supporting archaic rules of law in the absence of
legislative action when it has determined the rule to be in-
compatible with modern legal thinking. *Colby* v. *Carney
Hosp.* 356 Mass. 527, prospectively overruled many pre-
cedents on the issue of charitable immunity. In that im-
portant case, the court said: "In the past on many occasions
we have declined to renounce the defence of charitable im-
munity set forth in *McDonald* v. *Massachusetts Gen. Hosp.*
120 Mass. 432, and *Roosen* v. *Peter Bent Brigham Hosp.*
235 Mass. 66. . . . We took this position because we were
of opinion that any renunciation preferably should be ac-
complished prospectively and that this should be best done
by legislative action. . . . Now it appears that only three
or four States still adhere to the doctrine. . . . It seems
likely that no legislative action in this Commonwealth is
probable in the near future. Accordingly, we take this
occasion to give adequate warning that the next time we

---

[5] The decisions of other jurisdictions permitting the wife to recover for
loss of consortium in a negligence action have frequently necessitated re-
versal of prior judicial decisions, e.g., *Montgomery* v. *Stephan,* 359 Mich. 33.
*Deems* v. *Western Md. Ry.* 247 Md. 95. *Moran* v. *Quality Aluminum Casting
Co.* 34 Wis. 2d 542. *Thill* v. *Modern Erecting Co.* 284 Minn. 508. *Troue* v.
*Marker,* 253 Ind. 284. *Kotsiris* v. *Ling,* 451 S. W. 2d 411 (Ky.). *Clouston* v.
*Remlinger Oldsmobile Cadillac, Inc.* 22 Ohio St. 2d 65. *Gates* v. *Foley,* 247
So. 2d 40 (Fla.).

Although in affirming the wife's right to sue for loss of consortium result-
ing from negligently inflicted injuries to her husband several States have
acted, at least in part, on the basis of married women's statutes modifying
the common law status of the wife and permitting her to sue, contract or hold
realty in her own name, only one State, Oregon, appears to have specifically
recognized by statute the wife's right to sue for loss of consortium. Sec-
tion 108.010 of the Oregon Revised Statutes conferred on wives all civil and
common law rights held by husbands prior to June 14, 1941, including "the
right of action for loss of consortium of her husband."

are squarely confronted by a legal question respecting the charitable immunity doctrine it is our intention to abolish it."

The majority opinion envisions serious administrative problems incident to a change by judicial decision in our law on this subject. In considering whether this court should effect a change in our substantive law, we must, of course, consider the probable effects of such a change upon the general administration of justice in the Commonwealth, especially its effects on casualty losses and upon litigation in our already overburdened courts. However, even if substantiated, such considerations ought not to preclude recovery if it is otherwise warranted. It is argued that there may be a potential for abuse or for speculative damages in permitting such recovery. Yet this same potential also exists with regard to all other intangible, but real elements of damages for which recovery is presently allowed. Nonsupported speculation should not deter this court from adopting modern and progressive legal concepts.[6]

As a practical matter, scant attention would probably be paid by judges, juries and claims adjusters to tenuous claims for loss of consortium arising out of relatively minor injuries. Indeed, the assertion of such claims as frivolous or "make weight" arguments for greater recoveries might well be expected to redound to the plaintiff's detriment.

The experience of other jurisdictions indicates that they have not suffered any adverse effects from the allowance of recovery by either spouse for loss of consortium in negligence actions. That experience also reveals the creation of no significant problems by permitting recovery for loss of consortium.[7]

---

[6] By analogy, the implementation of "oral discovery" was long opposed by many in this Commonwealth because of similar fears of abuse and excessive costs. Since its adoption in 1965 S.J.C. Rule 3:15, 351 Mass. 798, has universally been accepted as a major advance in Massachusetts legal practice.

[7] Court administrators of nine comparable jurisdictions allowing recovery for such losses have reported that the rule has not caused a significant increase in their workload; it has not encouraged frivolous claims; it has not caused an appreciable increase in damage awards and that it has not generated any confusion in the assessment of damages by juries or any other unfavorable results.

The American Law Institute has tentatively approved a rule permitting a wife to recover, after bodily harm tortiously inflicted on her husband, "for resulting loss of his society, including any impairment of his capacity for sexual intercourse, and for any reasonable expense incurred by her in providing medical treatment." Restatement 2d: Torts, § 695 (Tent. draft No. 14, April 15, 1969). See American Law Institute, 46th Annual Meeting, Proceedings, p. 157; Harper & James, Torts, § 8.9, p. 643; Prosser, Torts (3d ed.) § 119, p. 917.

Denial of a wife's right to recover for loss of consortium "derives from the time when the wife was regarded in law in some respects as her husband's chattel. He was allowed damages for injuries to her in much the same manner that he would have been allowed damages for the loss or injury of one of his domestic animals." *Kronenbitter* v. *Washburn Wire Co.* 4 N. Y. 2d 524, 527. Considerable legislation in Massachusetts and other jurisdictions has steadily resulted in the emancipation of married women and reflected a movement toward the recognition of the legal equality of men and women. While this trend does present some basic problems, particularly in the area of domestic relations, in general the complete fulfilment of this philosophy in areas such as the one at issue in the instant case is as desirable as it is inevitable.

Beyond dispute, "there is, in a continuing marital relationship, an inseparable mutuality of ties and obligations, of pleasures, affection and companionship, which makes that relationship [consortium] a factual entity. . . . *We see no valid reason why that concept should not be extended to permit recovery for wrongs negligently caused to the legal unity through physical injury of either spouse. . . .* That both spouses suffer when the marriage relationship is adversely affected by physical injury to either is a fact" (emphasis supplied). *Deems* v. *Western Md. Ry.* 247 Md. 95, 108–109.

In my opinion, this case is one in which the current needs of society most strongly require and justify the extension of the "ancient walls surrounding the law of torts" and the

carving of an additional niche in them "to accomplish justice." *George* v. *Jordan Marsh Co. ante*, 244, 250.

It is argued that the right to loss of consortium should be accorded to the husband before it is given to the wife. I see no basis for such a discrimination. The short answer is that the court can provide husband and wife this "equal protection" at the same time.

The defendants' demurrer should be overruled.

