Hillsborough,
No. 4494.

SYLVIA L. WADLEIGH *v.* MANCHESTER.

Submitted June 7, 1956.
Decided July 6, 1956.

*Sheehan, Phinney & Bass* and *Frederick W. Branch* for the plaintiff.

*J. Francis Roche,* city solicitor, for the defendant.

GOODNOW, J. The issues raised by the transferred questions are concerned with the liability of a municipality for damages to property adjoining a public street caused by concussion and

vibration from blasting operations conducted by the municipality within the limits of the street "for the purpose of installing curbings."

It does not appear from the record before us whether the construction of curbings was a public, governmental undertaking on the part of the defendant or one which was performed by it in its private, corporate capacity. In either event, however, it would be liable in this case on the count alleging negligence if the concussion and vibration causing the damage resulted from blasting which was negligently done. A municipality acts in a governmental capacity in the construction and maintenance of its highways and is ordinarily immune from liability for injuries caused by the negligent performance of such work. *Fournier* v. *Berlin*, 92 N. H. 142, 144. An exception to this immunity exists, however, if the municipality, by the use of land which it holds only for public governmental purposes, such as a highway, negligently invades an adjoining owner's property rights. *O'Brien* v. *County*, 80 N. H. 522, 526. "For negligence in highway construction and maintenance within their borders municipalities are liable for resulting damage to neighboring property." *Gilman* v. *Concord*, 89 N. H. 182, 185. The damages paid to or the release given by the owner of land when a public highway is laid out includes "damages arising from its proper construction and maintenance, but not from negligent or unreasonable construction and maintenance." *Hood* v. *Nashua*, 91 N. H. 98, 101.

A municipality may also perform acts as a private corporation, such as those which are "corporate or proprietary in nature." (*Kardulas* v. *Dover*, 99 N. H. 359, 360) or "for the local accommodation and convenience" (*Roberts* v. *Dover*, 72 N. H. 147, 154), in which case, its liability for damages is tested by the principles applicable to private corporations. *Gates* v. *Milan*, 76 N. H. 135, 136. If, as suggested by the fact that "the curbing was purchased by the abutters and installed by the City of Manchester, without charge," the blasting in question was being performed by the defendant in its private capacity, it is liable for damages resulting from its negligent conduct of that work. *Resnick* v. *Manchester*, 99 N. H. 436, 437.

The plaintiff's declaration also contains a count in case based on strict liability and one in trespass which would likewise impose liability irrespective of negligence. In support of these counts, the plaintiff urges the adoption of a rule imposing strict liability

without regard to negligence for injury to property resulting from concussion or vibration caused by blasting.

The cases in other jurisdictions on the question of liability for property damage by concussion from blasting are not in harmony. *Crocker* v. *Company*, 99 N. H. 330, 332, and cases cited. In a substantial number of jurisdictions, the view is taken that there is liability irrespective of negligence. Anno. 20 A. L. R. (2d) 1375-1388. The decisions in this state, however, "definitely indicate a clear tendency to limit strict liability to those cases where the Legislature has provided for it or to those situations where the common law of the state has imposed such liability and the Legislature has not seen fit to change it." *King* v. *Association*, 100 N. H. 212, 216. There has been no indication that, apart from statute, strict liability would be imposed in this state in actions brought to recover for damage to property caused by concussion or vibration from blasting, whether sounding in case or in trespass. Consistently with the reasoning in the *King* case, *supra*, we do not now adopt such a rule.

The answer to the transferred questions is that the city of Manchester is not absolutely liable for injury to private property by concussion from blasting operations in the installation of curbing on the count in case in which no negligence is alleged. Nor is it liable on the count in trespass unless it is predicated on intentional tort. See Prosser, Torts, (2nd *ed.*) *s.* 8. Otherwise its liability must be predicated on negligence.

*Remanded.*

All concurred.