Rockingham,
No. 4543.

PAUL E. VILLARS *by his father and next friend*

*v.*

CITY OF PORTSMOUTH AND
AMERICAN FIDELITY INSURANCE COMPANY.

Argued  January  2,  1957.

Decided  February  28,  1957.

*William H. Sleeper* and *Wayne J. Mullavey* for the plaintiff, furnished no brief.

*Thomas J. Flynn, Jr.,* city solicitor, for the city of Portsmouth.

*Waldron, Boynton & Waldron (Mr. Boynton* orally), for the insurance company.

BLANDIN, J. The plaintiff states on information and belief that the city has a liability policy with the defendant company which affords coverage to him individually and to his minor son. He then alleges that his counsel cannot "advise as to coverage until he has had an opportunity to examine the master policy of said insurance company which has now been located in the possession of the City Clerk . . . . " Our declaratory judgment statute (RSA 491:22) which the plaintiff would invoke, reads as follows: "Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title, to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive." It appears that the plaintiff claims a present right to inspect the liability policies, if any, held by the city, which right the city denies.

A justiciable controversy is presented by the plaintiff's claim of a right to inspect the policies of insurance held by the city, and by the city's denial of that right through its city clerk and through the motion filed herein, alleging that the plaintiff "is not entitled to be informed as to the contents" of the policies. With respect to this controversy the rights of the parties were properly determinable on petition for declaratory judgment.

While under common law the city would not be liable to the plaintiff (*Cushman* v. *Grafton*, 97 N. H. 32), under RSA 412:3, if a policy of liability insurance has been procured by the city liability may exist up to its limits. Adverse claims are involved (see 1 Anderson, Declaratory Judgments (2nd *ed.*) *s.* 32) and as between the plaintiff and the city, the parties may fairly be said to be "in gear." Borchard, Declaratory Judgments 36. In this situation our declaratory judgment act is applicable. *Faulkner* v. *Keene*, 85 N. H. 147, 154-155. The order of the Trial Court for production of the policies was an adjudication that the plaintiff was entitled to inspect them. There was no error in the entry of this order. 5 McQuillin, Mun. Corp. (3rd *ed.*) *s.* 14.14. Furthermore, since there is an action pending in court in the form of the declaratory judgment petition, we believe under our broad discovery procedure that the Court properly granted the motion that the city produce the policy. *Reynolds* v. *Company*, 98 N. H. 251. It follows that the city's exceptions are overruled.

As to the defendant insurance company, a different question is presented. This defendant is not actually a party to the dispute over the production of any policies in the possession of the city and it is not even proved yet that there are such in existence. The plaintiff has made no claim against the company. There are no matters with reference to the policy in contention between these parties, and the facts are not sufficiently developed to raise any adverse claim. Therefore the plaintiff was not entitled to maintain his declaratory judgment petition against the company. *Gitsis* v. *Thornton*, 91 N. H. 192; see also, *Conway* v. *Water Resources Board*, 89 N. H. 346, 349. It follows the order is

> *Defendant city of Portsmouth's exceptions overruled;*
> *Defendant American Fidelity Insurance Company's exceptions sustained.*

All concurred.