Rockingham,
No. 5460.

FRANCIS E. ALLEN & a.

v.

HAMPTON.

Argued September 7, 1966.
Decided September 30, 1966.

*Shute & Engel* and *Francis J. Frasier* ( *Mr. Frasier* orally ), for the plaintiffs.

*Perkins, Holland & Donovan* and *Mr. William H. M. Beckett* ( *Mr. Beckett* orally ), for the defendant.

WHEELER, J. Actions in case brought by Francis E. Allen and five other property owners against the town of Hampton, a municipal corporation, alleging that the defendant town was negligent in failing to properly maintain the municipal drainage system, as a result of which the plaintiffs suffered extensive water

damage to their real estate and personal belongings.

The defendant filed a motion to dismiss in each case alleging that no cause of action was stated and that the defendant town cannot be liable because of its sovereign immunity. These motions were denied and all questions of law raised by the defendant's exceptions to the ruling of the Court were reserved and transferred by *Grant*, J.

It does not appear from the record before us whether the municipal drainage system was a public, governmental undertaking on the part of the defendant or one which was performed by it in its private, corporate capacity. In either event, however, it would be liable in this case on the count alleging negligence if the excessive water causing the damage resulted from defendant's negligence. A municipality acts in a governmental capacity in the construction and maintenance of its highways and is ordinarily immune from liability for injuries caused by the negligent performance of such work. *Fournier* v. *Berlin*, 92 N. H. 142, 144. An exception to this immunity exists, however, if the municipality, by the use of land which it holds only for public governmental purposes, such as a highway, negligently invades an adjoining owner's property rights. *O'Brien* v. *County*, 80 N. H. 522, 526. "For negligence in highway construction and maintenance within their borders municipalities are liable for resulting damage to neighboring property." *Gilman* v. *Concord*, 89 N. H. 182, 185. The damages paid to or the release given by the owner of land when a public highway is laid out includes "damages arising from its proper construction and maintenance, but not from negligent or unreasonable construction and maintenance." *Hood* v. *Nashua*, 91 N. H. 98, 101; *Wadleigh* v. *Manchester*, 100 N. H. 277, 278.

A municipality may also perform acts as a private corporation, such as those which are "corporate or proprietary in nature," (*Kardulas* v. *Dover*, 99 N. H. 359, 360) or "for the local accommodation and convenience" (*Roberts* v. *Dover*, 72 N. H. 147, 154), in which case, its liability for damages is tested by the principles applicable to private corporations. *Gates* v. *Milan*, 76 N. H. 135, 136. If, the flooding in question resulted from acts of the defendant in its private capacity, it is liable for damages resulting from its negligent conduct of that work. *Resnick* v. *Manchester*, 99 N. H. 436, 437; *Wadleigh* v. *Manchester*, 100 N. H. 277, 278.

Defendant's motions to dismiss were properly denied.

*Exceptions overruled; remanded.*

All concurred.