Hillsborough,
No. 5690.

MURIEL F. STOTT

*v.*

MANCHESTER.

Argued February 6, 1968.
Decided May 29, 1968.

*Arthur E. Porter* and *Philip S. Hollman* ( *Mr. Hollman* orally ), for the plaintiff.

*J. Francis Roche,* city solicitor ( by brief and orally ), for the defendant.

DUNCAN, J. It is settled law in this jurisdiction that the construction and maintenance of municipal parking areas is a proper exercise of the police power to regulate highways and their use. *Opinion of the Justices,* 94 N. H. 501. Authority to create such areas is expressly conferred upon municipalities by statute ( RSA 31:3, 4 III ), and the use of parking meters therein is likewise authorized by statutory provisions adopted in consistency with constitutional provisions. ( RSA 249:1, 2 ) Const., Pt. II, *Art.* 6 - a. *Opinion of the Justices, supra.*

Other decisions of this court make it evident that parking which is incidental to a viatic use of the highways is itself a highway use, provision for which serves a public purpose. *Papademas* v. *State,* 108 N. H. 456. See also, *Hartford* v. *Gilmanton,* 101 N. H. 424; *State* v. *Rosier,* 105 N. H. 6.

In consequence, parking has become so far an integral part of highway use and regulation, that we are of the opinion that adequate provision for it must be considered to be the exercise of a governmental function in the course of which a municipality should be free from liability for negligence. *Gossler* v. *Manchester,* 107 N. H. 310. See *State* v. *Rosier,* 105 N. H. 6, *supra.*

In reaching this conclusion, we are sensible of the fact that provision of parking lots is not required of municipalities, and

recognize that metering is designed to provide a measure of compensation for facilities provided. RSA 249:1, 2, *supra.* These considerations however are not conclusive of the question of whether the particular undertaking is governmental or proprietary in character. *Kardulas* v. *Dover,* 99 N. H. 359; *Shea* v. *Portsmouth,* 98 N. H. 22, 26. See *Krzysztalowski* v. *Fortin,* 108 N. H. 187.

In her well reasoned brief, the plaintiff relies upon the few decided cases to be found, to establish that elsewhere the operation of municipal parking lots has been thought to be proprietary. *Stringfield* v. *City of Hackensack,* 68 N. J. Super. 38; *Amelchenko* v. *Borough of Freehold,* 81 N. J. Super. 289; *Zaras* v. *City of Findlay,* 112 Ohio App. 367. See also Annot., 8 A.L.R. 2d 373; 18 McQuillin, Municipal Corporations (3d *ed.* Rev.) *s.* 53.107a.

The opinions which have considered this question however are those of intermediate courts, and the opinion of the Supreme Court of New Jersey, in a case in which the court below had held the operation of a municipal parking lot to be proprietary, has made it plain that the question in that jurisdiction is resolved by statute, without regard to whether the activity is governmental or proprietary. *Amelchenko* v. *Borough of Freehold,* 42 N. J. 541.

While it may reasonably be argued that parking lots, like sewers, are primarily "for the local accommodation and convenience" (*Roberts* v. *Dover,* 72 N. H. 147, 154; *Lockwood* v. *Dover,* 73 N. H. 209, 211), we take the view that parking areas are so far akin to the establishment and maintenance of highways that they enjoy the status of an established function of government, and should be subject to the same limitations as to liability. *Fournier* v. *Berlin,* 92 N. H. 142. See *Allen* v. *Hampton,* 107 N. H. 377, 378.

Since the condition of which the plaintiff complains was not a highway "defect" as to which the defendant may be held liable (*Bernier* v. *Whitefield,* 80 N. H. 245; RSA 247:17), the defendant's demurrer should be sustained. The plaintiff's allegation that the condition which caused her injury was a "nuisance" is not considered to alter the conclusion reached. *Shea* v. *Portsmouth,* 98 N. H. 22, 27-28. *Cf. Allen* v. *Hampton, supra.*

*Remanded.*

Kenison, C. J. and Lampron, J. concurred specially; the others concurred.

Kenison, C. J., *concurring specially.* The dying doctrine of municipal immunity receives resuscitation in this case which continues to employ the illogical and confused governmental-proprietary classification to determine liability. Prosser, Torts 1005 ( 3d *ed.* 1964 ); 2 Harper and James, The Law of Torts, *s.* 29.6, *pp.* 1621-1623 ( 1956 ). While disagreeing ( *Gossler* v. *Manchester,* 107 N. H. 310, 315, *dissenting opinion* ), nevertheless I am bound by the majority opinion in this case and in *Gossler* and concur solely for that reason.

Lampron, J., concurs in this opinion.