JACK JOHNSON, A MINOR, BY AND THROUGH G. L. JOHNSON, HIS FATHER AND NEXT FRIEND, APPELLANT, V. THE MUNICIPAL UNIVERSITY OF OMAHA, APPELLEE.
169 N. W. 2d 286

Filed June 20, 1969. No. 37061.

Matthews, Kelley, Cannon & Carpenter, for appellant.

Thomas A. Walsh and Boland, Mullin, Walsh & Cooney, for appellee.

Heard before, WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WALTER H. SMITH, District Judge.

McCOWN, J.

The plaintiff, Jack Johnson, participated in a track meet held on the premises of the defendant, University of Omaha, on May 12, 1967. While pole vaulting, Johnson fell upon a wooden box which had been placed by the defendant beneath the pole vault standards. This action was for damages resulting from the injuries sustained.

The petition alleged negligence on the part of the defendant in placing hard, sharply projecting wooden boxes at a place which would unreasonably endanger such persons as the plaintiff; in failing to protect vaulters from the hazard; and in failing to warn plaintiff of the presence of the boxes. The district court sustained the general demurrer of the defendant university. The action was dismissed and plaintiff has appealed. The only issues briefed and argued on appeal are whether or not the defendant is subject to suit, and whether or

not the defendant is immune from tort liability.

At the time of the accident here, the defendant was a corporation established under the authority of an act of the Legislature. § 14-1303, R. R. S. 1943. The defendant possesses all powers and privileges necessary for the discharge of the functions of a municipal university including incidental powers. § 14-1319, R. R. S. 1943. Although the act does not expressly state that the defendant may sue and be sued, we think it was the intention of the Legislature to vest in the defendant those powers which are normally vested in corporations of this nature. The defendant's contention that it is not subject to suit is without merit.

The issue of governmental immunity from tort liability remains. The traditional common law rule of sovereign or governmental immunity has been subject to both legislative and judicial modification and reshaping. See The Doctrine of Governmental Immunity in Nebraska, Creighton L. Rev., V. 1, No. 1, p. 79. The reasons supporting a broad brush application of the traditional common law doctrine in its old form are no longer defensible. This court has adopted a course of reexamination and gradual transition, rather than sweeping and complete abrogation. The court's processes and procedures are more effectively directed to the pattern of solution embodied in the process of inclusion and exclusion, case by case, and step by step. The legislative processes and procedures can be more effectively applied to a comprehensive solution. See Brown v. City of Omaha, 183 Neb. 430, 160 N. W. 2d 805.

The issue of immunity and the issue of liability are two complete and distinct issues. The removal of governmental immunity in a specified area of tort actions does not impose absolute liability in place of immunity. It only makes a governmental entity subject to the same rules which apply to nongovernmental persons or corporations who do not have the shield of sovereign governmental immunity. In the posture of the case before

us, the demurrer to the petition can be sustained only if the doctrine of governmental immunity applies to this case in its full traditional sweep. The allegations of the petition must be taken to be true as against a demurrer. If governmental immunity is not a bar, the issues of negligence and liability or nonliability cannot now be determined as a matter of law on the present record. In addition, assumption of risk or contributory negligence by a participant in athletic contests are affirmative defenses and are not before us. See Annotation, Tort Liability of Public Schools and Institutions of Higher Learning, 86 A. L. R. 2d 489.

The record discloses an allegation, subsequently stricken, that the defendant carried liability insurance to indemnify itself against liability of the kind asserted. The existence of such insurance has, in itself, been treated as a waiver of immunity in many states. See, Brown v. City of Omaha, *supra;* Annotation, Liability or Indemnity Insurance Carried by Governmental Unit as Affecting Immunity from Tort Liability, 68 A. L. R. 2d 1437, and supplements.

We now hold that cities, counties, and all other governmental subdivisions, and local public entities of this state, including municipal universities, are not immune from tort liability arising out of a physical condition affirmatively and voluntarily created by the public body on its premises, where the existence of the condition is not reasonably visible or apparent, and where the condition constitutes an unreasonable risk of harm to persons authorized to use and reasonably using the premises for the purposes intended.

This holding applies to all causes of action arising after a date one month following the filing date of this opinion. In respect to other causes of action, the new rule applies if, but only if, the city, governmental subdivision, or local public entity was insured against such liability on the date the claim arose, and then only to the extent of the maximum applicable amount of its insurance cov-

erage. This holding is applicable to the case at bar.

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WHITE, C. J., BOSLAUGH and NEWTON, JJ., dissenting.

CARTER, J., took no part in the consideration or decision of this case.