JACK JOHNSON, A MINOR, BY AND THROUGH G. L. JOHNSON, HIS FATHER AND NEXT FRIEND, APPELLANT, V. MUNICIPAL UNIVERSITY OF OMAHA, APPELLEE.

187 N. W. 2d 102

Filed May 21, 1971.   No. 37774.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellant.

Thomas A. Walsh of Boland, Mullin & Walsh, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

While plaintiff was competing in a pole vault event held by defendant, he fell upon foam rubber on a wooden box to his injury. In this negligence action his petition was dismissed on demurrer. He appealed. We reversed the judgment and remanded the cause, deciding that defendant was subject to suit and liability for negligence. See Johnson v. Municipal University of Omaha, 184 Neb. 512, 169 N. W. 2d 286 (1969). On remand and at the close of all evidence at the trial, the district court dismissed plaintiff's petition. Plaintiff appeals. He asserts the evidence was sufficient to carry the case to the jury.

In May 1967 plaintiff represented Fort Hays College in the pole vault event of a conference track meet in defendant's stadium. With a fiber glass pole furnished by Fort Hays he practiced one vault without enough carry which speed generates. He fell back. The cross-

bar was elevated at 12½ feet for his next vault which would be his first competitive one of the meet. Having run off the ground, he thought the flection of the pole good but the carry insufficient. Falling, he struck the crossbar and a burlap bag whose dimensions were 4 by 6 feet and which contained foam rubber. The bag covered the part of the wooden box nearest the upright and the landing area. The injury happened when he crashed on the bag and the part of the box.

The surface of the box, 2 by 3 feet, lay 17¾ inches above ground, and sacks of foam rubber covered parts of it. The box was one of two supporting the uprights which had base diameters of 17 inches. The uprights stood 12 feet apart at or near the edge of the landing area. The latter was covered with a canvas over a net filled with a piece of foam rubber 4 by 14 by 16 feet. The burlap bag on each box, of course, provided much less protection.

Defendant had built the wooden box and a twin especially to support the uprights. Its officials had seen similar boxes so used elsewhere. The practice, however, was not widespread. At most colleges the uprights then rested on dirt, grass, or concrete. Even so, protective materials were piled around the bases.

The boxes expedited the event and they also eased the work of the officials. A competitor received a preference regarding the horizontal distance from the slideway in which he would rest his pole, forward to a point directly underneath the crossbar. Officials attempted to move the uprights without dislodging the crossbar. They experienced difficulty in stooping and moving the uprights across rough or uneven surfaces. Defendant earlier had laid a slab of concrete for the pole vault event. The slab proved unsatisfactory - too rough and uneven.

The boxes also may have served another purpose. Without them the uprights could accommodate a cross-

bar no higher than 15 feet. The conference record was 14 feet 5¾ inches.

Usefulness of the boxes in light of safety factors at the time was affirmed by three representatives of defendant as follows: Director of athletics, former director and coach, and chairman of the men's physical education department and an official at the event where plaintiff had sustained the injury. It also was affirmed by the track coach of South High School in Omaha.

Where an act is one which a reasonable man would recognize as involving a risk of harm to another, the risk is unreasonable and the act is negligent if the risk is of such magnitude as to outweigh what the law regards as the utility of the act or of the particular manner in which it is done. Restatement, Torts 2d, § 291, p. 54.

The evidence failed to raise an issue of negligence for the jury. The judgment is affirmed.

AFFIRMED.