**Patricia Z. CHANDLER, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 13422.**

District of Columbia Court of Appeals.

Argued June 19, 1979.

Decided Aug. 2, 1979.

Leonard I. Rosenberg, Washington, D. C., for appellant.

Louis P. Robbins, Acting Corp. Counsel, Washington, D. C., at the time the brief was filed, with whom Richard W. Barton, Deputy Corp. Counsel, and David P. Sutton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before KERN, GALLAGHER and NE-BEKER, Associate Judges.

KERN, Associate Judge:

Appellant, administratrix and legal representative of her two deceased children, brought an action against the District of Columbia under the survival and wrongful death statutes.[1] The children had been killed by smoke inhalation when a fire broke out in their home on September 8, 1976.

Prior to that time the District, for financial reasons, had instituted a program closing a number of fire stations on a random, rotating basis. Appellant alleged that on the day of the fire the station nearest her home was closed pursuant to this program; that this closure constituted negligence on the part of the District, its agents and instrumentalities; and, that the closure was the direct and proximate cause of the deaths of the two children.

On the District's motion, the trial judge dismissed the suit for failure to state a claim for which relief could be granted on the grounds that the District is immune from civil suit for the results of the discretionary decisions of its officials. Whether the court correctly granted this motion is the issue on appeal.

■ Appellant concedes that the District now enjoys immunity if the actions in question were "discretionary," *Wade v. District of Columbia,* D.C.App., 310 A.2d 857 (1973) (en banc).[2] Appellant admits that the action she alleges to have been negligent, *viz.,* the decision regarding the fire station closure program, was "discretionary." Yet she

urges this court to abolish the "ministerial-discretionary" test in the situation when a litigant alleges a "discretionary" governmental action is so unreasonable as to be arbitrary and capricious. For several reasons we reject appellant's argument and affirm.

■ First, this panel would not abolish the settled doctrine of sovereign immunity even if its survival in its present state was of questionable merit. Neither *Wade, supra,* nor *Urow v. District of Columbia,* 114 U.S.App.D.C. 350, 316 F.2d 351 (1963), may be overruled by a division of this court. *See M. A. P. v. Ryan,* D.C.App., 285 A.2d 310 (1971). Moreover, the decisions concerning sovereign immunity in this jurisdiction have stressed circumspection in according changes in the doctrine, *see, e. g., Spencer v. General Hospital of District of Columbia,* 138 U.S.App.D.C. 48, 53, 425 F.2d 479, 484 (1969), undoubtedly in acknowledgement that the doctrine as it now stands forms a tentative dividing line between the legislative and judicial functions; and this appropriate caution is an additional consideration compelling the conclusion that a re-examination of the doctrine is a matter for the full court.

Even assuming that we were free to re-define the doctrine of sovereign immunity, the revision suggested by appellant is not appealing. One rationale for distinguishing discretionary functions is what defines them, *viz.,* activities "of such a nature as to pose threats to the quality and efficiency of government in the District if liability in tort were made the consequence of negligent act or omission." *Spencer v. General Hospital, supra,* 138 U.S.App.D.C. at 51, 425 F.2d at 482. Thus, to prevent an unhealthy stasis in policy choices and decision-making, government bodies are immune from suits aimed at the results of those decisions. Appellant cites in rebuttal *King v. Seattle,* 84

1. *See* D.C.Code 1973, §§ 12–101 and 16–2702 to –2703.

2. According to the current standard, "the District is immune from suit only if the act complained of was committed in the exercise of a discretionary function; if committed in the exercise of a ministerial function the District must respond." *Wade v. District of Columbia, supra* at 860.

Wash.2d 239, 525 P.2d 228 (1974).[3] She argues that so long as individual officials, as distinguished from the government unit for which they perform, are immune from suit, governmental decisions will *not* be "chilled". However, an official whose actions ultimately result in judgments against his employer does not remain "immune" and cannot remain unaffected in his decision-making by the potential liability of the government for which he works.

■ Appellant's second argument has superficial appeal but does not overcome the other rationale for the continued vitality of sovereign immunity. Specifically, appellant reasons that since the *implementation* of policy decisions, or "ministerial" functions, is in fact subject to liability in order to encourage conscientious performance, then imposing some liability for "arbitrary and capricious" *exercise* of government *discretion* would also encourage reasonable decision-making. However, one of the purposes of imposing tort liability in the first place is to influence decisions so that their real social costs are taken into consideration when made even by public officials. *See, e. g., Rieser v. District of Columbia,* 183 U.S.App. D.C. 375, 563 F.2d 462 (1977). Appellant's argument fails to recognize that there are certain decisions made in the exercise of the *discretionary* functions of government for which there is no reason to believe a jury would render a sounder decision than those officials chosen, qualified, and prepared to make them. It is these that are labeled "discretionary" and which constitute policy decisions deemed immune from suit because there is no legal standard by which a judge or jury could gauge their arbitrariness and capriciousness or lack thereof.

■ As the court in *Griffin v. United States,* 500 F.2d 1059, 1064 (3d Cir. 1974), applied this test to the Federal Tort Claims Act "to determine the applicability of the discretionary function exception, . . .

we must analyze not merely whether judgment was exercise but also whether the nature of the judgment called for policy considerations." If policy considerations were involved and no statutory or regulatory requirements limited the exercise of policy discretion, the court explained, immunity would bar suit. Here, since appellant concedes that the station closure program was an action taken by government decision-makers who were prompted by policy considerations, and no statute or regulation was applicable, we conclude that her action is removed from the court's jurisdiction because of the District's immunity.

Finally, the District urged on appeal that we affirm on the alternate ground that no tort liability can lie in this suit because no duty of care was owed this appellant by the District. As was pointed out by the federal appellate court in *Rieser v. District of Columbia, supra,* 183 U.S.App.D.C. at 391, 563 F.2d at 478, the questions of immunity and duty owed require *separate* analysis in this jurisdiction due to the "ministerial-discretionary" test for immunity. Immunity revolves around the necessity or desirability of freeing policy decisions from jury speculation; a duty of care, on the other hand, concerns foreseeability.

The difficulties of defining what duty of care is owed individuals by the District confronted the court in *Westminster Investing Corp. v. G. C. Murphy Co.,* 140 U.S.App.D.C. 247, 434 F.2d 521 (1970). Drawing aside the veil of sovereign immunity and finding no such common law tort as a failure to prevent losses due to riots, the court refused to create such a tort. This decision that the provision of or failure to provide services does not define a duty of care reflects the general rule.[4]

■ There are exceptions. These exceptions follow from the doctrine that the duty of care encompasses foreseeable conse-

---

3. There, the Supreme Court of Washington concluded that since the city was found to have arbitrarily refused to issue appellants a building permit it could not avoid liability whether the refusal was characterized as "ministerial" or "discretionary." *King, supra* at 233.

4. *See Rieser, supra,* 183 U.S.App.D.C. at 391, 563 F.2d at 478; 57 Am.Jur.2d *Municipal, Etc., Tort Liability* § 66 (1971).

quences. Thus, when a special relationship develops between an agent of the government and a private individual, a duty of care may be found. *Rieser v. District of Columbia, supra.* Similarly, when services are provided for private use, liability may ensue from injury to the private user. *E. g., Johnson v. Municipal University of Omaha,* 184 Neb. 512, 169 N.W.2d 286 (1969). Neither of these exceptions is applicable here and hence, in our view, there is no definable tort upon which appellant's suit can rest because the essential element of a duty of care owed this appellant by the District is missing.

Therefore, the order dismissing the suit is *Affirmed.*